UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LENORRIS E. HARDY,

    Plaintiff,

v.                                                                          Case No: 6:23-cv-1526-JSS-RMN

M4 ORLANDO TENANT, LLC,

    Defendant.
_____/

## ORDER

Defendant moves for summary judgment. (Dkt. 54.) Plaintiff, proceeding pro se, did not oppose Defendant's motion. Plaintiff also untimely moves for summary judgment (Dkt. 59) and for leave to file his untimely motion for summary judgment (Dkt. 60). Defendant opposes Plaintiff's motion for leave. (Dkt. 61). For the reasons outlined below, Defendant's motion for summary judgment is granted, Plaintiff's motion for leave is denied, and Plaintiff's motion for summary judgment is stricken as untimely.

## BACKGROUND[1]

Plaintiff is an African American male hired by Defendant to work at Defendant's hotel as a front desk agent in August 2022. (Dkt. 51-1 at 12:21–13:2; 24:23–25.) As a front desk agent, Plaintiff's duties included checking guests in and out

---

[1] In general, the court draws the facts from Plaintiff's deposition (Dkt. 51-1).

of the hotel, servicing guests' needs, bartending, working at the hotel's Starbucks, and completing night audits. (*Id.* at 13:6–15.) Plaintiff maintains that Defendant discriminated against him based on his race because it discontinued his ability to receive free hot meals on duty while permitting other employees to receive free meals. (Dkt. 51-1 at 41:15–42:12.) Plaintiff further maintains that he faced discrimination based on his race because Valeria Savini, Defendant's front desk manager, allowed other employees to be late without calling to inform Plaintiff they were running late when relieving him from duty. (*Id.* 34:16–35:23.) Last, Plaintiff asserts he faced discrimination based on his age because Ms. Savini's sister, who also worked for Defendant as a front desk agent, told him that she could tell he was 60 years old by looking at his hands. (*Id.* at 25:6–16, 26:15–25.) Plaintiff admits that Ms. Savini's sister was not his supervisor, and he did not complain about her statement about his hands. (*Id.* at 27:8–18, 28:3–5.)

On March 6, 2023, Plaintiff emailed Lauren Ebersole, Defendant's director of sales, and other employees to express his concerns about Ms. Ebersole trying to give [him] orders because Plaintiff believed that she "had no jurisdiction over the front desk." (Dkt. 51-1 at 15:6–16; Dkt. 54-1 at 1–2.) That same day, Defendant's general manager Tammy Kohl called Plaintiff to a meeting with her and Ms. Savini. (Dkt. 51-1 at 15:17–25; Dkt. 54-1 at 1.) According to Plaintiff, the meeting lasted approximately thirty minutes and went well. (Dkt. 51-1 at 19:21–20:16.) Plaintiff testified that his schedule was reduced from four days to two days after the meeting. (*Id.* at 16:8–14.) Plaintiff further testified that he stopped appearing at work after his schedule was

- 2 -

changed. (*Id*. at 16:8–14, 29:4–5.) Defendant maintains that Plaintiff was terminated due to call-offs and no-shows after he stopped appearing at work. (Dkt. 54-2.) Plaintiff testified that an African American female took over his position after he left. (Dkt. 51-1 at 39:23–40:18.) Plaintiff alleges race, color, national origin, and age discrimination in violation of 42 U.S.C. §§ 1981, 2000e-4a, and 29 U.S.C. § 623(a). (Dkt. 30.) Defendant moves for summary judgment on all claims. (Dkt. 54.)

## APPLICABLE STANDARDS

### A. Defendant's Motion for Summary Judgment

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials" when resolving the motion. Fed. R. Civ. P. 56(c)(3); *see HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 703 F. App'x 814, 817 (11th Cir. 2017) ("This rule was implemented so that a court may decide a motion for summary judgment without undertaking an independent search of the record." (quotation omitted)).

A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the non[-]moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the

governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record showing a lack of a genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows that no evidence supports the non-moving party's case, the burden then shifts to the non-moving party to show that there are, in fact, genuine factual disputes precluding judgment as a matter of law. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *see also HRCC*, 703 F. App'x at 816–17 ("Presenting arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court." (alteration adopted) (quoting *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990))). In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). The court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Summary judgment should be granted only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non[-]moving

party." *Matsushita*, 475 U.S. at 587. A "district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Mia., Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

### B. Plaintiff's Motion for Leave

District courts "enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). A district court retains "broad discretion in deciding . . . whether to consider untimely motions for summary judgment." *Enwonwu v. Fulton–Dekalb Hosp. Auth.*, 286 F. App'x 586, 595 (11th Cir. 2008). While the complaints of pro se litigants should be liberally construed, "[l]iberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir.1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir.2003). Scheduling orders must "limit the time to join other parties, amend the pleadings, complete discovery, [] file motions . . . . [and] "may be modified only for good cause and with the [court]'s consent." Fed. R. Civ. P. 16(b)(3)(A), (b)(4). Pursuant to the court's case management and scheduling order, "[m]otions to extend the dispositive motions deadline . . . are generally denied." (Dkt. 33 at 2.) When considering whether to extend or revive a court's scheduling order deadline, the court applies the Rule 16 good cause standard, which requires a showing of diligence. *See Sosa v. Airprint Sys.*, Inc., 133 F.3d 1417, 1418, n.2 (11th Cir. 1998); *see also Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (stating that Rule 16

applies to scheduling order deadlines and noting that the Eleventh Circuit in *Sosa* "rejected the argument that the excusable-neglect standard in Rule 6(b) governs such extensions").

## ANALYSIS

### A. Defendant's Motion for Summary Judgment

Defendant asserts that Plaintiff has failed to establish a prima facie claim of discrimination or retaliation. (Dkt. 54 at 6–10.) The court agrees and will discuss the discrimination claims and then the retaliation claim.

#### 1. Discrimination

Plaintiff alleges that Defendant "deprived him of an equal opportunity that was provided to other non-Black employees similarly situated in violation of 42 U.S.C. Section 2000e-2a . . . [and] also violated [his] rights under 42 U.S.C. Section 1981." (Dkt. 30 ¶ 22, 24.) Plaintiff further alleges that Defendant fired him because of his age. (*Id.* ¶ 37.)

The Age Discrimination in Employment Act (ADEA) makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "Title VII forbids intentional employment discrimination predicated on any of the protected characteristics of race, color, religion, sex, or national origin." *Chavez v. Credit Nation Auto Sales, LLC*, 641 F. App'x 883, 884 (11th Cir. 2016).

Likewise, "Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022) (quotation omitted). "The elements of a claim of race discrimination under 42 U.S.C. [Section] 1981 are also the same as a Title VII disparate treatment claim in the employment context." *Id.* (quotation omitted). Accordingly, the court will address Plaintiff's race discrimination claims together. *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 n.14 (11th Cir. 2011) ("Title VII and [Section] 1981 have the same requirements of proof and utilize the same analytical framework."); *see also Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (explaining that courts use the *McDonell Douglas* framework to evaluate ADEA claims) (collecting cases).

A plaintiff asserting an employment discrimination claim can support the claim either by direct or circumstantial evidence. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). In cases such as this one, "where there is no direct evidence of discrimination, there are two principal ways in which a plaintiff may establish such intent through circumstantial evidence. The first[] and most common[] is by using the burden-shifting framework under *McDonnell Douglas*."[2] *Calicchio v. Oasis Outsourcing Grp. Holdings, L.P.*, 548 F. Supp. 3d 1215, 1240 (S.D. Fla. 2021); *McDonnell*

---

[2] The other way is a convincing mosaic of circumstantial evidence. *Tynes*, 88 F.4th at 946. "A 'convincing mosaic' of circumstantial evidence is simply enough evidence for a reasonable factfinder to infer intentional discrimination in an employment action—the ultimate inquiry in a discrimination lawsuit." *Id.* Plaintiff fails to establish a convincing mosaic of circumstantial evidence because he did not point the court to any evidence circumstantial evidence of discrimination or retaliation contained in the record, and failed to respond in opposition to Defendant's motion for summary judgment. *See HRCC*, 703 F. App'x at 816–17.

*Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973). "[T]he Supreme Court in *McDonnell Douglas* set out a burden shifting framework designed to draw out the necessary evidence in employment discrimination cases." *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944 (11th Cir. 2023). Under this framework, the burden is on the plaintiff first to "establish[] what *McDonnell Douglas* calls a 'prima facie' case of [race] discrimination" by showing that (1) he "belongs to a protected class," (2) he "was subjected to an adverse employment action," (3) he "was qualified to perform the job in question," and (4) his "employer treated 'similarly situated' employees outside h[is] class more favorably." *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802). To establish a prima facie case of age discrimination, a plaintiff must show that (1) he "was a member of the protected age group," (2) he "was subjected to adverse employment action," (3) he was qualified to do the job," and (4) he "was replaced by or otherwise lost a position to a younger individual." *Chapman*, 229 F.3d at 1024.

"The prima facie showing entitles the plaintiff to a rebuttable presumption of intentional discrimination," which the defendant may then rebut "by offering evidence of a valid, non[]discriminatory justification for the adverse employment action." *Tynes*, 88 F.4th at 944. If the defendant successfully rebuts the presumption of discrimination, the burden shifts back to the plaintiff to "show not only that the employer's justification was pretextual, but that the real reason for the employment action was discrimination." *Id.* "However, a reason is not pretext for discrimination 'unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.'" *Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1348–49 (11th

Cir.2007) (citing *Brooks v. County Comm'n. of Jefferson County*, 446 F.3d 1160, 1163 (11th Cir.2006)) (emphasis in original).

Defendant maintains that Plaintiff fails to establish a prima facie case of race discrimination because he has not identified a similarly situated comparator outside of his protected class that was treated more favorably. (Dkt. 54 at 7–8.) Defendant further maintains that Plaintiff fails to establish a prima facie case of age discrimination because Plaintiff never complained to a supervisor about the comment that his hands purportedly revealed his age. (*Id*. at 8.) As Plaintiff did not respond to the motion, he has not satisfied his initial burden of establishing a prima facie claim of discrimination under *McDonnell Douglas*. *Tynes*, 88 F.4th at 944; *Chapman*, 229 F.3d at 1024. Although the motion is unopposed, the court will examine the merits of the motion and address why the evidence contained in the record, when viewed in the light most favorable to Plaintiff as the nonmoving party, does not establish a prima facie race or age discrimination case under *McDonnell Douglas*. *One Piece*, 363 F.3d at 1101.

Turning to the first requirement for establishing a prima facie case of race discrimination, Plaintiff belongs to a protected class as an African American man. Regarding the second requirement, Plaintiff suffered an adverse employment action because his compensation was altered when his workdays were reduced from four days to two days after he met with Ms. Kohl and Ms. Savini. *See Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1233 (11th Cir. 2006) ("An adverse employment action is conduct that 'alters the employee's compensation, terms, conditions, or

privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'").

Plaintiff also alleges that he was constructively discharged when Defendant "made the working conditions so intolerable that Plaintiff felt compelled to resign" after his workdays were reduced. (Dkt. 30 ¶ 31); *see Slattery v. Neuman*, 200 F. Supp. 2d 1367, 1371 (S.D. Fla. 2002) (explaining that the "Eleventh Circuit has [] held that employees suffer an adverse employment action if they are constructively discharged). To prove a case of constructive discharge, an employee must show that their "working conditions were so intolerable that a reasonable person in [his] position would be compelled to resign." *Morgan v. Ford*, 6 F.3d 750, 755 (11th Cir. 1993) (quoting *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1317 (11th Cir. 1989)). "[F]or a constructive discharge claim to present a jury issue and thereby survive summary judgment, the plaintiff must produce substantial evidence that conditions were intolerable." *Akins v. Fulton Cnty.*, 420 F.3d 1293, 1302 (11th Cir. 2005) (citing *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002)). Given Plaintiff's failure to respond to the motion, Plaintiff has not met his burden of showing that his working conditions were so intolerable that a reasonable person in his position would be compelled to resign. *Morgan*, 6 F.3d at 755; *Akins*, 420 F.3d at 1302. Further, Plaintiff's decision to stop appearing at work after his schedule was changed is not a constructive discharge. *See Jones v. Allstate Ins. Co.*, 707 F. App'x 641, 646 (11th Cir. 2017) (explaining that "[a] [p]laintiff's decision to voluntarily resign [from his job] in the face of possible termination is not a constructive discharge"). Turning to the third

requirement, Plaintiff has not put forth evidence establishing that he was qualified to perform the job at issue. *Tynes*, 88 F.4th at 944. Likewise, as to the fourth requirement, Plaintiff failed to present evidence supporting the contention that Defendant treated a similarly situated employee outside of his protected class more favorably. *Id.*

Regarding his age discrimination claim, Plaintiff established he was a member of a protected age group under the ADEA. According to the statute, the protected age group includes "individuals who are at least 40 years of age." 29 U.S.C. § 631(a). Plaintiff explained that he was 60 years old during his deposition. (Dkt. 51-1 at 43:7–8, 46:4–6.) Plaintiff also suffered an adverse employment action, as explained above. However, Plaintiff fails to provide the court with evidence supporting the contentions that he was qualified to perform the job at issue and that he was replaced by or otherwise lost his position to a younger individual. Although Plaintiff mentions during his deposition that an African American woman replaced him, he never specifies her age.

Thus, Defendant is entitled to summary judgment on Plaintiff's discrimination claims. *See Earle v. Birmingham Bd. of Educ.*, 843 F. App'x 164, 166 (11th Cir. 2021) ("A plaintiff's failure to produce evidence showing that a single similarly situated employee was treated more favorably will preclude the establishment of a prima facie case.") (citing *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1224 (11th Cir. 2019) (en banc)); *Johnson v. Airbus Def. & Space, Inc.*, 858 F. App'x 304, 309–10 (11th Cir. 2021) (affirming the district court's grant of summary judgment in favor of the defendant employer because the plaintiff employee could not identify any comparators who were

similarly situated in all material respects); *Hardin v. Oakley Transp., Inc.*, No. 8:21-cv-2980-MSS-AEP, 2025 WL 948313, at *12 (M.D Fla. Mar. 28, 2025) (granting summary judgment in favor of the defendant on the plaintiff's ADEA claim when the plaintiff did "not identify an individual who replaced him who was not a member of [the] protected [age] class") (citing *Sheppard v. Sears, Roebuck & Co.*, 391 F. Supp. 1168, 1179 (S.D. Fla. 2005)).

### 2. Retaliation

Plaintiff alleges that Ms. Kohl and Ms. Savini "instituted a campaign of retaliation which included[] Ms. Savini fabricating statements, stating that the Plaintiff requested . . . his schedule [be] changed from 4 days to 2 days [at the March 6, 2023 meeting.]" (Dkt. 30 ¶ 35.) "Title VII prohibits employers from retaliating against an employee 'because he has opposed any practice made an unlawful employment practice by [Title VII.]'" *Tolar v. Bradley Arant Boult Cummings, LLP*, 997 F.3d 1280, 1289 (11th Cir. 2021) (quoting 42 U.S.C. § 2000e-3(a)). Similarly, "[s]ection 1981 prohibits an employer from retaliating against its employee in response to the employee's complaint of race-based discrimination." *Braswell v. Allen*, 586 F. Supp. 2d 1297, 1310 (M.D. Ala. 2008). The same standards govern Title VII and Section 1981 retaliation claims. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008). Plaintiff does not specify whether he brings his retaliation claim under Title VII or Section 1981. (Dkt. 30 ¶¶.) As the standards are the same for both claims, the court will evaluate the merits as if Plaintiff bought his claim under both Title VII and Section 1981. 513 F.3d at 1277.

To establish a prima facie case of retaliation under Title VII and Section 1981, "[P]laintiff must show that (1) [he] engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to [] [P]laintiff's protected activities." *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997); *see also Tucker v. Talladega City Schs.*, 171 F. App'x 289, 296 (11th Cir. 2006). An employee has engaged in a protected activity under Title VII if he (1) "has opposed any practice made an unlawful employment practice by" Title VII or (2) "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). An employee has engaged in a protected activity under Section 1981 if he "opposes an employment practice that [he] has a good faith, reasonable basis to believe is unlawful." *Diamond v. Morris, Manning & Martin, LLP*, 457 F. App'x 844, 846 (11th Cir. 2012) (per curiam) (citing *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008)). "This burden includes both a subjective and an objective component." *Fucron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016) (citing *Little*, 103 F.3d at 960)). For the subjective component, Plaintiff must demonstrate that he "subjectively believe[d] that the unlawful employment practice complained of was racial discrimination." *Bell v. City of Auburn, Ala.*, 722 F. App'x 898, 900 (11th Cir. 2018) (per curiam). For the objective component, Plaintiff must demonstrate that his belief was "objectively reasonable in light of the facts and record presented." *Butler*, 536 F.3d at 1213 (quoting *Little*, 103 F.3d at 960).

"Once a plaintiff establishes a prima facie case of retaliation, the burden of production shifts to the defendant to rebut the presumption by articulating a legitimate, non[]discriminatory reason for the adverse employment action." *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009). "[I]f the defendant offers a legitimate, nondiscriminatory reason for its employment decision, the burden shifts back to the plaintiff to establish that the reason offered by the defendant 'was not the real basis for the decision, but a pretext for discrimination.'" *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020) (quoting *Richardson v. Leeds Police Dep't*, 71 F.3d 801, 806 (11th Cir. 1995)). "If the employer proffers more than one legitimate, non-discriminatory reason, the plaintiff must rebut each . . . reason[] to survive a motion for summary judgment." *Lewis v. Blue Bird Corp.*, 835 F. App'x 526, 530 (11th Cir. 2020) (citation omitted).

Plaintiff has not shown that he engaged in any statutorily protected activity under either Title VII or Section 1981. (Dkt. 54 at 8–9). Plaintiff does not point the court to evidence indicating he engaged in statutorily protected activity before, during, or after he met with Ms. Kohl and Ms. Savini. According to Plaintiff, he was called into a meeting after he sent an email advising that Ms. Ebersole did not have supervisorial jurisdiction over the front desk agents. (Dkt. 51-1 at 15:4–16:7.) A review of the emails provided to the court by Defendant shows that Plaintiff did not engage in protected activity under Title VII or Section 1981 because he did not mention or allege discrimination in those emails. (Dkt. 54-1.) *See Suber v. Lowes Home Ctrs.*, 845 F. App'x 899, 900 (11th Cir. 2021) (explaining that an "employee's internal

grievance [in an email] does 'not constitute statutorily protected activity'" when "[a]t no point does the email allege discrimination on the basis of a protected characteristic") (citing *Coutu v. Martin Bd. Of Cnty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995)); *McCray v. Wal-Mart Stores, Inc.*, 377 F. App'x 921, 924 (11th Cir. 2010) (affirming the district court's order granting summary judgment in favor of the defendant on the plaintiff's retaliation claim when the plaintiff "pointed to no evidence indicating that her termination was related to her participation in a protected activity"). Therefore, Defendant is entitled to summary judgment on Plaintiff's retaliation claims.

### B. Plaintiff's Motion for Leave

According to the case management and scheduling order, the deadline to file dispositive motions was November 4, 2024. (Dkt. 33 at 1.) In December 2024, Plaintiff filed his motion for summary judgment. (Dkt. 59.) Shortly thereafter, Plaintiff moved for leave to file the motion. (Dkt. 60.) Plaintiff maintains that good cause exists to extend the dispositive motion deadline because (1) he lost access to Westlaw on an unspecified date for financial reasons, (2) his daughter gave birth to his grandson on November 5, 2024, and (3) on November 7, 2024, his mother became ill. (*Id.* at 1–2.) Plaintiff fails to set forth good cause on these bases because he does not explain how, despite his diligence, he was unable to meet the November 4, 2024, deadline based on alleged events that occurred on an unspecified date or after the dispositive motion deadline had passed. Further, Plaintiff represents that he "intended to file his motion for summary judgment" on July 23, 2024, but did not file it. (Dkt.

60 at 5.) Therefore, Plaintiff's motion for leave is denied, and his motion for summary judgment will be stricken as untimely. *See Moreno v. Serco Inc.*, 734 F. App'x 656, 658 (11th Cir. 2018) (explaining that pro se litigants must still follow the court's rules) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *Nat'l Trust Ins. Co. v. Graham Bros. Const. Co.*, 916 F. Supp. 2d 1244, 1251 (M.D. Fla. 2013) (striking an untimely motion for summary judgment filed one day after the deadline when the moving party failed to demonstrate good cause for the court to consider the motion).

## CONCLUSION

Accordingly:

1. Defendant's Motion for Summary Judgment (Dkt. 54) is **GRANTED**.

2. Plaintiff's Motion for Leave to File out of Time Dispositive Motion (Dkt. 60) is **DENIED**.

3. Plaintiff's Motion for Summary Judgment (Dkt. 59) is **STRICKEN**.

4. The Clerk is **DIRECTED** to enter judgment in favor of Defendant, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Orlando, Florida, on May 13, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

- 17 -